JFP:pac 6964/1 \pleading\69941Complaint2.wpd

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| SAMUEL E. DODD | : | |
| | : | |
| VS. | : | C. A. NO. 05-519S |
| | : | |
| SUE P. SHEPPARD, individually and in her capacity as Town Administrator for the Town of Lincoln; and the TOWN OF LINCOLN, by and through its Treasurer, Stephen Woerner | : | *(R.I. Superior Court C.A. No. PC05-6058)* |

## AMENDED COMPLAINT

## I. PARTIES

1. The plaintiff is Samuel E. Dodd ("Dodd") is a resident of the City of Providence, County of Providence, State of Rhode Island. At all times material hereto he was a police officer with the Lincoln Police Department ("LPD").

2. The defendant is Sue P. Sheppard ("Sheppard") who is the town administrator of the Town of Lincoln. Sheppard is sued individually and in her capacity as the town administrator.

3. The Town of Lincoln ("the Town") is a municipality located in the State of Rhode Island. It is sued by and through its treasurer Stephen Woerner.

## II. FACTS

4. In September of 2004 Dodd applied to become a patrolman with the LPD.

5. Pursuant to the Town's code of ordinances Dodd went through a series of examinations which included a physical examination, a psychiatric examination, a written examination and an oral examination.

6. At the conclusion of the examination process, Dodd was advised that he had finished in the #1 position of all of the applicants who had applied to become members of the LPD.

7. In 2005, Dodd attended the Rhode Island Municipal Police Academy.

8. Dodd successfully completed his training at the Rhode Island Municipal Police Academy and in fact received its class leadership award.

9. On July 1, 2005 Dodd was sworn in as a member of the LPD.

10. Between July 1, 2005 and August 24, 2005 Dodd's actions were reviewed on a daily basis by his field training officers.

11. The field training officers were required to fill out what is known as a daily occurrence report (DOR) which served as an analysis of Dodd's actions as a patrolman.

12. Based on information and belief Dodd received "good" ratings in all of his categories. His one weakness was noted as not being familiar with the area.

13. Between July 1, 2005 and August 24, 2005 Dodd was never notified that his performance was substandard or otherwise deficient.

14. On August 24, 2005 Dodd was called into Shepard's office where she accused him of lying on his job application and withholding information.

15. Despite denying the allegations, Sheppard advised Dodd that he was being terminated and that she wanted his resignation immediately.

16. Dodd was escorted from the meeting by the deputy chief of the LPD and was allowed to retrieve his personal belongings from his locker. He was then ordered by the deputy chief to write his letter of resignation.

17. Dodd asked if he could go home, write the letter and return it the following day when he returned the balance of his police gear.

18. He was advised by the deputy chief that Sheppard wanted his resignation immediately.

19. Dodd in fact signed a letter of resignation under duress and submitted it to the deputy chief.

20. On the following day (August 25, 2005) Dodd sought to withdraw his letter of resignation based on the fact that it had been submitted under duress.

21. On August 26, 2005 Sheppard advised Dodd that his attempt to rescind his resignation of August 25, 2005 was denied.

**COUNT I**
***(Failure to follow proper procedure)***
***Article IX of Town Charter***

22. Plaintiff incorporates by reference paragraphs 1 through 21 set forth above in this count.

23. Under Article IX of the Town Charter probationary employees of the LPD (such as Dodd) "may be removed at any time by the town administrator **upon recommendation of the chief of police** with or without cause." (emphasis added)

24. In this case, the chief of police not only did not recommend that Dodd be removed, but objected to Dodd's termination.

25. As a result of the foregoing illegal action by Sheppard and the Town, Dodd has lost his employment, has sustained actual damages, some of which cannot be reasonably calculated and has otherwise been damaged.

**COUNT II**
***(Failure to follow proper procedure)***
***Article VI of Town Charter***

26. Plaintiff incorporates by reference paragraphs 1 through 25 set forth above in this count.

27. Under Article VI, Section 6-6(1) of the Town Charter, the town administrator has authority to remove employees "when necessary for the good of the services".

28. The Rhode Island Supreme Court in analyzing the town administrator's authority to remove employees under Article VI, Section 6-6(1) has determined that any dismissal thereunder must be "for cause".

29. Contrary to the provisions of Article VI, Section 6-6(1) of the Town Charter and the case law thereunder, Sheppard terminated Dodd without providing him with a specification of charges, without giving him an opportunity to be heard and offer evidence, relied on inadmissible hearsay without verifying the accuracy of any such statements, and terminated Dodd without cause.

30. As a result of the foregoing illegal action by Sheppard and the Town, Dodd has lost his employment, has sustained actual damages, some of which cannot be reasonably calculated and has otherwise been damaged.

**COUNT III**
***(Violation of Due Process—Name Clearing Hearing)***

31. Plaintiff incorporates by reference paragraphs 1 through 30 set forth above in this count.

32. In alleging that Dodd had lied in the application process, Sheppard and the Town placed the good name, reputation, and the integrity of Dodd in jeopardy which likely will affect Dodd's future employment opportunities.

33. The action taken by Sheppard and the Town in terminating Dodd without a hearing and in violation of the Town Charter violated Dodd's due process rights.

34. As a result of the foregoing illegal action, Dodd has lost his employment, has sustained actual damages, some of which cannot be reasonably calculated and has otherwise been damaged.

35. As a result of the foregoing illegal action by Sheppard and the Town, Dodd has lost his employment, has sustained actual damages, some of which cannot be reasonably calculated and has otherwise been damaged.

**COUNT IV**
***(Violation of Due Process—Property Interest)***

36. Plaintiff incorporates by reference paragraphs 1 through 35 set forth above in this count.

37. Dodd had a property interest in his job as an employee of the Town.

38. Because of said property interest, prior to his termination, Dodd was entitled to a specification of charges, due notice of a hearing, and an opportunity to be heard and offer evidence in defense.

39. Sheppard terminated Dodd without affording him any of the aforementioned entitlements.

40. Had Dodd been afforded his procedural due process rights as aforesaid, his termination would not have occurred.

41. As a result of the foregoing illegal action by Sheppard and the Town, Dodd has lost his employment, has sustained actual damages, some of which cannot be reasonably calculated and has otherwise been damaged.

**COUNT V**
***(Substantive Due Process)***

42. Plaintiff incorporates by reference paragraphs 1 through 41 set forth above in this count.

43. Sheppard, in terminating Dodd, in addition to violating Dodd's procedural due process as set forth in Count IV above, acted arbitrary and capricious in violation of Dodd's substantive due process rights.

WHEREFORE, plaintiff prays as follows:

A. That he be reinstated to his position as a patrolman with the LPD with all back pay and benefits.

B. That the defendants be restrained and enjoined from taking any further action regarding terminating the plaintiff until the defendants comply with Article IX of the Town Charter as it relates to the termination of probationary employees of the LPD.

C. That the defendants be restrained and enjoined from taking any further action regarding terminating the plaintiff until the defendants comply with Article VI of the Town Charter as it relates to the termination of employees of the LPD.

D. That the defendants be restrained and enjoined from taking any further action regarding terminating the plaintiff until the defendants comply with the Rhode Island Supreme Court edict in *Kells v. Town of Lincoln*, 874 A.2d 204 (R.I. 2005) and *Stewart v. Sheppard*, 885 A.2d 715 (R.I. 2005).

E. That the defendants be restrained and enjoined from taking any further action regarding terminating the plaintiff until his due process rights have been afforded him.

F. That this court declare that the defendants violated the plaintiff's procedural due process rights.

G. That this court declare that the defendants violated the plaintiff's substantive due process rights.

H. That this court award damages to the plaintiff for all of his back pay and benefits, including but not limited to, all those benefits set forth in the Collective Bargaining Agreement between the Town and members of LPD.

I. That this court award attorney fees to the plaintiff pursuant to the provisions of 42 U.S.C. §1988.

J. That this court provide such other relief to the plaintiff that it deems just and proper.

PLAINTIFF,
By his Attorney,

Joseph F. Penza, Jr., Esq. #0607
OLENN & PENZA, LLP
530 Greenwich Avenue
Warwick, RI 02886
PHONE: (401) 737-3700
FAX: (401) 737-5499

**DATED: February 17, 2006**