# United States District Court

FOR THE DISTRICT OF RHODE ISLAND

SAMUEL E. DODD

V.

SUE P. SHEPPARD, individually and in her capacity as Town Administrator for the Town of Lincoln; ET AL

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: 05-519S

(R.I. Superior Court C.A. No. PC05-6058)

TO: David Riccarelli, R.I. Municipal Police Training Academy
1762 Old Louisquissett Pike
Lincoln, RI 02865

CCRI, 2nd Floor Administration Bldg. (Kathy)

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

XX YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 530 Greenwich Avenue<br>Warwick, RI 02886 | March 6, 2006 at<br>1:30 p.m. |

XX YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| 530 Greenwich Avenue<br>Warwick, RI 02886 | March 6, 2006 at<br>1:30 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | 2/28/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Joseph F. Penza, Jr., Esq. #0607
530 Greenwich Avenue, Warwick, RI 02886 (401) 737-3700

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (Rev. 11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

David Riccarelli — SERVED ON (PRINT NAME)

Care of Kathy — MANNER OF SERVICE

Adam Catamero — SERVED BY (PRINT NAME)

Constable 6015 — TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 2-28-06
DATE

[signature]
SIGNATURE OF SERVER

1408 Atwood Ave Johnston, RI
ADDRESS OF SERVER

Kathleen Renn

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

JFP:pac 6964/1 \pleading\69641RiccarelliExhA.wpd

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| SAMUEL E. DODD | : | |
| | : | |
| VS. | : | C. A. NO. 05-519S |
| | : | |
| SUE P. SHEPPARD, individually and in her capacity as Town Administrator for the Town of Lincoln; and the TOWN OF LINCOLN, by and through its Treasurer, Stephen Woerner | : | *(R.I. Superior Court C.A. No. PC05-6058)* |

**EXHIBIT A**

1. The complete file regarding Samuel Edward Dodd (d.o.b. 1/24/79) who was a recruit at the Rhode Island Municipal Training Academy beginning on or about March 14, 2005. Said documents should include **but not be limited to** Dodd's application for enrollment, BCI checks conducted by the Municipal Police Training Academy, NCIC checks conducted by the Municipal Police Training Academy, credit checks conducted by the Municipal Police Training Academy, and any other background checks conducted by the Municipal Police Training Academy regarding Samuel E. Dodd.

2. Any written policies the Municipal Police Training Academy had in effect in March, 2005 with respect to whether speeding violations had to be disclosed on its application form.

3. Any written policies the Municipal Police Training Academy had in effect in March, 2005 with respect to the failure to disclose accurate information on its application form.

JFP:pac 6964/1



# United States District Court

FOR THE DISTRICT OF RHODE ISLAND

SAMUEL E. DODD

V.

SUE P. SHEPPARD, individually and in her capacity as Town Administrator for the Town of Lincoln; ET AL

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: 05-519S

(R.I. Superior Court C.A. No. PC05-6058)

TO: Patricia Gallagher, University of Rhode Island
Providence Campus, 80 Washington Street
Providence, RI Telephone #277-5000

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

XX YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 530 Greenwich Avenue<br>Warwick, RI 02886 | March 3, 2006 at<br>9:30 a.m. |

XX YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| 530 Greenwich Avenue<br>Warwick, RI 02886 | March 3, 2006 at<br>9:30 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| X Dr Patricia Gallagher | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | 2/27/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Joseph F. Penza, Jr., Esq. #0607
530 Greenwich Avenue, Warwick, RI 02886 (401) 737-3700

AO 88 (Rev. 11/91) Subpoena in a Civil Case

2-28-06 PROVIDENCE

## PROOF OF SERVICE

DATE PLACE

SERVED PATRICIA GALLAGHER - PERSONALLY

SERVED ON (PRINT NAME) MANNER OF SERVICE

FRANK V CATAMERO - FEDERAL PROCESS SERVER

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 2-28-06
DATE

SIGNATURE OF SERVER

1408 ATWOOD AVE
ADDRESS OF SERVER

JOHNSTON RI

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

JFP:pac 6964/1 \pleading\69641GallagherExhA.wpd

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SAMUEL E. DODD | : | |
| | : | |
| VS. | : | C. A. NO. 05-519S |
| | : | |
| SUE P. SHEPPARD, individually and in her capacity as Town Administrator for the Town of Lincoln; and the TOWN OF LINCOLN, by and through its Treasurer, Stephen Woerner | : | *(R.I. Superior Court C.A. No. PC05-6058)* |

**EXHIBIT A**

1. The contents of all files you have in your care, custody and/or control regarding Samuel Apkarian.

2. To the extent that certain documents may not be encompassed in #1, all reports, confidential personal history records, handwritten or typewritten notes, memoranda or electronic documentation you have in your care, custody and/or control regarding Samuel Apkarian.

3. The contents of all files you have in your care, custody and/or control regarding Samuel Dodd.

4. To the extent that certain documents may not be encompassed in #3, all reports, confidential personal history records, handwritten or typewritten notes, memoranda or electronic documentation you have in your care, custody and/or control regarding Samuel Dodd.

5. All forms of written communications (including emails) to or from Captain Bruce Moreau of the Pawtucket Police Department, Chief George Kelley of the Pawtucket Police Department, or any other Pawtucket police officer or Pawtucket city official that you have in your care, custody and/or control regarding Samuel Dodd, f/k/a Samuel Apkarian.

6. All tape recordings, notes or other documentation (including notes stored on any electronic files) of telephone conversations that you had with Captain Bruce Moreau of the Pawtucket Police Department, Chief George Kelley of the Pawtucket Police Department, or any other Pawtucket

police officer or Pawtucket city official that you have in your care, custody and/or control regarding Samuel Dodd, f/k/a Samuel Apkarian.

7. All forms of written communications (including emails) to or from Town Administrator Sue Sheppard, Deputy Chief Sullivan and any other Lincoln police officer or Lincoln town official that you have in your care, custody and/or control regarding Samuel Dodd, f/k/a Samuel Apkarian.

8. All tape recordings, notes or other documentation (including notes stored on any electronic files) of telephone conversations that you had with Town Administrator Sue Sheppard, Deputy Chief Sullivan and any other Lincoln police officer or Lincoln town official that you have in your care, custody and/or control regarding Samuel Dodd, f/k/a Samuel Apkarian.

9. Copies of all agreements you or your department has with municipalities regarding the confidentiality of psychiatric examinations conducted for police officer candidates and the waiver of any such confidentiality.