# United States District Court

FOR THE DISTRICT OF RHODE ISLAND

SAMUEL E. DODD

V.

SUE P. SHEPPARD, individually and in her capacity as Town Administrator for the Town of Lincoln; ET AL

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: 05-519S

(R.I. Superior Court C.A. No. PC05-6058)

TO: Sergeant Michael F. Cute
Pawtucket Police Department
121 Roosevelt Avenue, Pawtucket, RI 02860

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

XX YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 530 Greenwich Avenue<br>Warwick, RI 02886 | March 9, 2006 at<br>2:00 p.m. |

XX YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| 530 Greenwich Avenue<br>Warwick, RI 02886 | March 9, 2006 at<br>2:00 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff | 2/28/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Joseph F. Penza, Jr., Esq. #0607
530 Greenwich Avenue, Warwick, RI 02886 (401) 737-3700

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (Rev. 11/91) Subpoena in a Civil Case

FILED

2006 MAR -7 A 10: 37

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

## PROOF OF SERVICE

| | |
|---|---|
| 2-24-06 | Pawtucket |
| DATE | PLACE |

SERVED

| | |
|---|---|
| Michael Cute | IN HAND and personally |
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| George Tager | Constable 6043 |
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 2/28/06
DATE

George Tager
SIGNATURE OF SERVER

No Prov. R.I.
ADDRESS OF SERVER

Signature of Served x Michael Cute

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

JFP:pac 6964/1 \pleading\69641CuteExhA.wpd

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SAMUEL E. DODD | : | |
| VS. | : | C. A. NO. 05-519S |
| SUE P. SHEPPARD, individually and in her capacity as Town Administrator for the Town of Lincoln; and the TOWN OF LINCOLN, by and through its Treasurer, Stephen Woerner | : | *(R.I. Superior Court C.A. No. PC05-6058)* |

**EXHIBIT A**

1. A copy of the complete investigative file of the Pawtucket Police Department with respect to a Samuel Apkarian (d.o.b. 1/24/79) for which you did an investigative background check in 2002.

2. Copies of all documents referenced in the background report you prepared for the Pawtucket Police Department regarding Samuel Apkarian (now known as Samuel Dodd), **including but not limited to:**

(a) City of Pawtucket application for employment form
(b) application for the Municipal Police Academy
(c) driving abstract
(d) BCI background check
(e) any other history background check
(f) records confirming that Apkarian was "arrested" for operating after suspension by the South Kingstown Police Department on June 30, 2001
(g) copy of the district court complaint and arrest report regarding the incident referenced in (f)
(h) results of any checks with the Rhode Island Division of Motor Vehicles with respect to Apkarian's driving infractions
(i) a copy of Apkarian's application for the Warwick Police Department